UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JUN 30 2022
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOELLE ANGEL, *et al.*,

    Plaintiffs,

v.                                          ACTION NO. 2:21cv453

CHARLESTOWNE CONDOMINIUM
ASSOCIATION, INC., *et al.*,

    Defendants.

## FINAL ORDER

In an Order entered on January 25, 2022, the Court determined that it lacked subject matter jurisdiction over this removed action and remanded this action to the Portsmouth General District Court. Order at 1-6, ECF No. 17. Shortly thereafter, the Removing Parties[1] filed a "Motion for Sanctions & Penalties Against Defense Attorney & Law Firm" ("Motion for Sanctions") and a Motion to Amend in this closed case. Mot. Sanctions, ECF No. 19; Mot. Amend, ECF No. 22. For the reasons set forth below, the Removing Parties' Motion for Sanctions, ECF No. 19, and Motion to Amend, ECF No. 22, are **DENIED**.

### I. Factual and Procedural Background

Between March 12, 2021 and June 10, 2021, Charlestowne Condominium Association, Inc. ("Charlestowne") filed several Warrants in Debt in the Portsmouth General District Court against the Removing Parties, claiming that the Removing Parties failed to pay certain

---

[1] The Removing Parties, who are proceeding *pro se*, consist of Joelle Angel, Rozelynd Bright, Keith L. Curry, Cherie Lee, Cynthia Parker, Kelvin Penny, Peggy Penny, Stephen Vinson, Samuel Ward, Michael Williams, and Sandra Williams. The Removing Parties identified themselves as "Plaintiffs" in this action; however, as explained more fully herein, the Removing Parties are more properly referred to as "Defendants/Counter-Claimants."

condominium association fees (collectively "Charlestowne Warrants in Debt"). Am. Notice Removal at 1, ECF No. 5; Mem. Supp. Mot. Remand at 2-3, ECF No. 3; Charlestowne Warrants Debt, ECF Nos. 1-53 through 1-61. The state court cases included:

- *Charlestowne Condominium Association, Inc. v. Joelle Angel*, No. GV21001538;
- *Charlestowne Condominium Association, Inc. v. Rozelynd Bright and Michael Williams*, No. GV21001539;
- *Charlestowne Condominium Association, Inc. v. Keith Curry*, No. GV21001540;
- *Charlestowne Condominium Association, Inc. v. Cherie Lee*, No. GV21003300;
- *Charlestowne Condominium Association, Inc. v. Cynthia Parker*, No. GV21003301;
- *Charlestowne Condominium Association, Inc. v. Kelvin Penny and Peggy Penny*, No. GV21003302;
- *Charlestowne Condominium Association, Inc. v. Stephen Vinson*, No. GV21001542;
- *Charlestowne Condominium Association, Inc. v. Samuel Ward*, No. GV21002032;
- *Charlestowne Condominium Association, Inc. v. Sandra Williams*, No. GV21003304.

Am. Notice Removal at 1; Mem. Supp. Mot. Remand at 2-3. Several of the Removing Parties filed counterclaims, in which they alleged, among other things, that Charlestowne violated certain provisions of the Fair Housing Act (collectively "Counterclaims"). Am. Notice Removal at 1-2; Mem. Supp. Mot. Remand at 3-5.

On August 6, 2021, one of the Removing Parties, Joelle Angel, filed an application to proceed *in forma pauperis* ("IFP Application") in this Court. IFP Appl., ECF No. 1. Ms. Angel attached to her IFP Application a proposed Notice of Removal, signed by the Removing Parties, which sought to remove the Charlestowne Warrants in Debt and the Counterclaims to this Court based on federal question jurisdiction. Proposed Notice Removal, ECF No. 1-1. Despite the pending IFP Application, Ms. Angel subsequently chose to voluntarily pay the filing

fees, and the Removing Parties filed an Amended Notice of Removal. Filing Fee, ECF No. 4; Am. Notice Removal at 1-4.

Charlestowne filed a Motion to Remand, in which it argued that the removal of the Charlestowne Warrants in Debt and the Counterclaims to this Court was improper. Mot. Remand, ECF No. 2; Mem. Supp. Mot. Remand at 1-10. Specifically, Charlestowne argued that removal was improper because: "(1) the Court does not have jurisdiction over the original [Charlestowne] Warrants in Debt; (2) removal cannot be based upon the parties' own Counterclaims and; (3) the Notice of Removal is untimely." Mem. Supp. Mot. Remand at 5-6.

In an Order entered on January 25, 2022, the Court explained:

> Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction . . . [and] any doubts about the propriety of removal should be resolved in favor of remand to state court." *Dominion Pathology Labs, P.C. v. Anthem Health Plans of Va., Inc.*, 111 F. Supp. 3d 731, 735 (E.D. Va. 2015) (first alteration in original) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).
>
> When a party seeks to remove a state law action to federal district court based on federal question jurisdiction, the United States Court of Appeals for the Fourth Circuit has explained that "the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint without consideration of any potential defenses." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (citing *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004)). One of the "paramount policies" of the "well-pleaded complaint rule" is that "the plaintiff is the master of the complaint." *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987)). The rule prevents a defendant from "injecting a federal question into an action that asserts what is plainly a state-law claim," and "transform[ing] the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.*; *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (stating that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction"); *Fannie Mae v. Young*, No. 2:12cv471,

3

>  2013 U.S. Dist. LEXIS 143327, at *14 (E.D. Va. Aug. 12, 2013) (explaining that "when determining whether federal jurisdiction exists, the Court does not consider . . . any counterclaims . . . because . . . such claims 'do not qualify a case for federal-court cognizance' under 28 U.S.C. § 1331" (citation omitted)).

Order at 3-4, ECF No. 17.

Upon review, it was clear to the Court that the Charlestowne Warrants in Debt involved only state law breach of contract claims—not federal claims—over which this Court could not exercise federal question jurisdiction. *Id.* at 5 (citing Am. Notice Removal at 1; Mem. Supp. Mot. Remand at 2-3; Charlestowne Warrants Debt, ECF Nos. 1-53 through 1-61). The Removing Parties appeared to contend that this Court could exercise federal question jurisdiction over these matters because the Counterclaims alleged violations of the Fair Housing Act; however, the Court explained that "federal question jurisdiction must be 'presented on the face of the plaintiff's properly pleaded complaint without consideration of any potential defenses.'" *Id.* (citing *Harless*, 389 F.3d at 450; *see Holmes Grp., Inc.*, 535 U.S. at 831; *Fannie Mae*, 2013 U.S. Dist. LEXIS 143327, at *14). Because any alleged violations of the Fair Housing Act would appear only in the Counterclaims, the Court determined that the Fair Housing Act could not serve as the basis to remove the state court actions to this Court. *Id.* Additionally, the Court noted that "diversity jurisdiction [could not] serve as the basis for jurisdiction in these matters because there is not complete diversity among the parties." *Id.* at 5 n.3 (citing Charlestowne Warrants Debt, ECF Nos. 1-53 through 1-61). The Court ultimately concluded that it lacked subject matter jurisdiction over this action, and as a result, it granted Charlestowne's Motion to Remand and remanded this action to the Portsmouth General District Court. *Id.* at 5-6.

## II. Motion for Sanctions

After the Court remanded this action to the Portsmouth General District Court, the Removing Parties filed a Motion for Sanctions in this closed case. Mot. Sanctions, ECF

4

No. 19. In their motion, the Removing Parties claim that they never received a copy of Charlestowne's Motion to Remand. *Id.* at 1. Although the Certificate of Service on Charlestowne's Motion to Remand states that a copy of the motion was mailed to the Removing Parties, the Removing Parties claim that this is a deliberate, false representation. *Id.* at 1-3. The Removing Parties believe that counsel for Charlestowne chose not to provide them with a copy of the motion in order to "block[]/stop[] [them] from responding" to the motion. *Id.* at 4. Additionally, the Removing Parties appear to suggest that the Court's ultimate decision to remand this action was based, in part, on the failure of the Removing Parties to properly oppose the Motion to Remand. *Id.* at 3. As relief, the Removing Parties ask the Court to "[r]everse" the "Order of Remand" and to impose monetary sanctions on Charlestowne's counsel. *Id.* at 4.

Charlestowne denies that its counsel deliberately falsified the Certificate of Service. Opp'n at 2, ECF No. 21. Charlestowne states that it has been defending various claims brought by Ms. Angel and the other Removing Parties "for over two years now" and that its counsel "has a practice of mailing all filings and other correspondence" to the *pro se* litigants. *Id.* Charlestowne further states that it has exercised "good faith during the entirety of all lawsuits" and opposes the Removing Parties' attempt to disparage its counsel and "to seek improper sanctions." *Id.*

Upon review, the Court finds that the Removing Parties have not established that they are entitled to the relief requested in their Motion for Sanctions. First, the Court finds that the Removing Parties' request to vacate the Court's remand Order and to proceed with this action in this Court is unwarranted because the Court lacks subject matter jurisdiction over this matter. Courts have an "independent duty to ensure that jurisdiction is proper" and are obligated to remand removed cases "[if] at any time before final judgment it appears that the district court

lacks subject matter jurisdiction" over the action. *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011); *see* 28 U.S.C. § 1447(c). Here, the Court previously determined, for the reasons set forth in its January 25, 2022 Order, that it lacked subject matter jurisdiction over this removed action. *See* Order at 1-5. Although the Removing Parties claim that they did not receive a copy of Charlestowne's Motion to Remand and were therefore unable to file a proper opposition, the Court finds that the Removing Parties' alleged lack of knowledge of a pending remand motion, standing alone, does not justify a request to vacate the remand Order.[2] Additionally, the Court finds that the Removing Parties' post-remand filings fail to establish any basis upon which this Court could have properly exercised subject matter jurisdiction over this action. Without jurisdiction, this action cannot proceed in this Court.

Next, the Court finds that the Removing Parties have not adequately established that their request for monetary sanctions against Charlestowne's counsel is warranted. Although the Removing Parties claim that Charlestowne's counsel deliberately filed a Certificate of Service that falsely stated that a copy of the Motion to Remand was mailed to the Removing Parties, Charlestowne denies the Removing Parties' allegations of wrongdoing and states that it has exercised "good faith during the entirety of all lawsuits" with Ms. Angel and the other Removing Parties. Opp'n at 2. Under these circumstances, the Court finds that the Removing Parties have only provided the Court with unsupported suspicions of deliberate wrongdoing, which are insufficient to justify their request for monetary sanctions.

For all of these reasons, the Removing Parties' Motion for Sanctions, ECF No. 19, is **DENIED**.

---

[2] Contrary to the Removing Parties' suggestion, the Court did not base its remand decision on the Removing Parties' failure to oppose Charlestowne's Motion to Remand. The Court's decision was based solely on a finding that it could not exercise either federal question jurisdiction or diversity jurisdiction over this action. *See* Order at 1-5, ECF No. 17.

### III. Motion to Amend

The Removing Parties filed a Motion to Amend, in which they seek to file an Amended Motion for Sanctions that adds a reference to a removing party "who was left off of their pleadings by mistake" and increases the monetary sanctions sought against Charlestowne's counsel. Mot. Amend at 1, ECF No. 22. The Removing Parties also seek to make similar amendments to a previously-filed document titled, "Opposition to Court's Order to Remand." *Id.*

Upon review, the Court finds that it would be futile to authorize the Removing Parties' requested amendments. As explained above, the Court has determined that the Removing Parties' initial Motion for Sanctions lacks merit. *See supra* Part II. The Court finds that the Removing Parties' proposed amendments, as set forth in their Motion to Amend, would not alter the Court's decision. Accordingly, the Removing Parties' Motion to Amend, ECF No. 22, is **DENIED**.

### IV. Conclusion

For the reasons set forth above, the Removing Parties' Motion for Sanctions, ECF No. 19, and Motion to Amend, ECF No. 22, are **DENIED**.

The parties are ADVISED that this is a closed case. Any further filings in this closed case shall be docketed by the Clerk as a submission only, without any further Order of the Court.

The Clerk is **DIRECTED** to send a copy of this Final Order to all *pro se* parties, all counsel of record, and the Portsmouth General District Court.

IT IS SO **ORDERED**.

/s/
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 29, 2022